```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LESLIE CHARLES BEASLEY,       :    CIVIL ACTION
     Petitioner,              :    NO. 00-00111
                              :
                              :
     v.                       :
                              :
COMM'R MARTIN HORN, et al.,   :
                              :
     Respondents.             :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                           February 17, 2009

Petitioner Leslie Charles Beasley filed this habeas corpus petition under 28 U.S.C. § 2254, collaterally attacking his sentence and asking the Court to vacate, set aside, or correct his sentence.  In the evaluation of the instant petition, the Court will employ a two part analysis.  First, the Court will consider Respondents' argument that the petition is procedurally barred from the Court's review.  Second, the Court will evaluate the merits of the petition.  This memorandum addresses part one only.

Respondents argue that the petition is procedurally barred for two reasons: (1) failure to comply with the time bar of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996.  28 U.S.C. § 2244(d)(1); and (2) failure to exhaust claims at the state level, as required by the AEDPA.  For the reasons that follow, both arguments will be rejected.

**I.    BACKGROUND**

The procedural history of the instant habeas petition is summarized as follows.  On April 3, 1981, Petitioner was convicted of first degree murder and possession of an instrument of crime.  During the penalty phase following the trial, Petitioner was sentenced to death for first degree murder and a consecutive term of two and one-half to five years imprisonment for possession of an instrument of crime.[1]  The Pennsylvania Supreme Court affirmed the judgment of conviction on direct appeal. [Hereinafter, the direct appeal proceeding, Commonwealth v. Beasley, 475 A.2d 730 (Pa. 1984), is referred to as Beasley-1].

Petitioner filed a timely petition for collateral relief under the Post-Conviction Hearing Act (PCHA), predecessor of the Post-Conviction Relief Act (PCRA).  The Pennsylvania Court of Common Pleas denied relief; the Pennsylvania Superior Court reversed and vacated the death sentence; and the Pennsylvania

---

[1] In the imposition of the death penalty, the jury found two aggravating circumstances: (1) the murder victim was an on duty police officer; and (2) Petitioner had a significant history of violent felony convictions.  The jury found no mitigating circumstances.  Because the jury found at least one aggravating circumstance and no mitigating circumstances, the jury was required to impose the death penalty in accordance with the Pennsylvania capital sentencing statute.  See 42 Pa. C.S. § 9711(c)(1)(iv).

Supreme Court again reversed and reinstated the death sentence.[2] [Hereinafter, the PCHA state post-conviction proceeding, Commonwealth v. Beasley, 541 A.2d 1148 (Pa. Super. Ct. 1988), rev'd, 568 A.2d 1235 (Pa. 1990), is referred to as Beasley-2].

Upon the conclusion of Beasley-2, Petitioner filed a pro se petition for habeas corpus review in the Eastern District of Pennsylvania. The Honorable Judge Cahn appointed counsel for Petitioner and an amended petition was filed. Thereafter, counsel found that the petition contained unexhausted claims for which state remedies were available. The federal proceedings were placed in suspense to allow Petitioner to exhaust his state court remedies. Beasley v. Fulcomer, No. 90-4711, 1991 WL 64586 (E.D. Pa. Apr. 22, 1991).

Accordingly, Petitioner sought state post-conviction relief under the PCRA, raising his unexhausted arguments. The

---

[2] At this stage, the Pennsylvania Superior Court reversed and vacated the death sentence because the prosecutor's argument violated Caldwell v. Mississippi, 472 U.S. 320 (1985). Caldwell set forth a standard for determining when remarks about the appellate process, made during the penalty phase in a capital case, constitute reversible error. Id. at 328 (holding "it is constitutionally impermissible to rest a death sentence on a determination made by a sentencer who has been led to believe that the responsibility for determining the appropriateness of the defendant's death rests elsewhere"). The Pennsylvania Supreme Court held that the prosecutor's argument did not violate Caldwell, and reinstated the death sentence. Commonwealth v. Beasley, 568 A.2d 1235 (Pa. 1990) (holding the prosecution's remarks "did not lessen the jury's sense of responsibility as the ultimate arbiter of the sentence to be imposed").

Pennsylvania Court of Common Pleas denied relief and the Pennsylvania Supreme Court affirmed the denial.[3]  [Hereinafter, the first PCRA state post-conviction proceeding, Commonwealth v. Beasley, 678 A.2d 773 (Pa. 1996), is referred to as Beasley-3].

Upon the conclusion of Beasley-3, Petitioner filed the instant petition for habeas corpus review in this Court on January 16, 1997.  The Court appointed counsel and thereafter counsel discovered that compelling constitutional claims remained which had not been previously presented to the state courts.  The Court dismissed the petition, without prejudice, to allow Petitioner to exhaust his state court remedies.  Beasley v. Fulcomer, No. 90-4711, 1997 U.S. Dist. LEXIS 23601 (E.D. Pa. November 5, 1997).  Notably, on the same date that Petitioner filed the above federal habeas petition, he filed a second PCRA petition in the Philadelphia Court of Common Pleas in order to exhaust any unexhausted issues in his federal habeas petition.  Consequently, when the Court dismissed Petitioner's petition to allow him to exhaust his state court remedies, Petitioner had already initiated a second PCRA petition.

The Pennsylvania Court of Common Pleas denied relief, without the necessity for a hearing.  The Pennsylvania Supreme

---

[3]  Petitioner filed a timely petition for writ of certiorari in the United States Supreme Court, which was denied on May 17, 1997.  Beasley v. Pennsylvania, 520 U.S. 1121 (1997).

Court affirmed the denial on December 9, 1999, and held that Petitioner's claims were time barred under the PCRA. [Hereinafter, the second PCRA state post-conviction proceeding, Commonwealth v. Beasley, 741 A.2d 1258 (Pa. 1999), is referred to as Beasley-4]. Petitioner filed a timely motion for re-argument.[4]  While this motion was pending, on January 7, 2000, Petitioner filed the instant petition for habeas corpus relief in this Court.

Pursuant to the parties' request, on July 12, 2001, the case was placed into suspense pending the Third Circuit's decision in Whitney v. Horn (civil case no. 00-9003).[5]  The case

---

[4] The Commonwealth submitted a brief beyond the allocated time extension arguing that the petition is time barred under the PCRA.  The Court refused to accept the Commonwealth's brief but raised the time bar issue sua sponte and ultimately concluded that the petition was time barred for reasons materially identical to those presented in the Commonwealth's brief.  Because Petitioner was given no opportunity to respond to the Commonwealth's arguments, Petitioner filed a motion for re-argument.  In this motion, Petitioner noted the fundamental unfairness in imposing a time bar without giving Petitioner an opportunity to respond.  On February 3, 2000, the Pennsylvania Supreme Court denied the motion for re-argument without comment.

[5] In Whitney v. Horn, 280 F.3d 240 (3d Cir. 2002), the Third Circuit considered the adequacy of the PCRA time bar petition in capital cases.  The Third Circuit held that the PCRA time limit is an adequate state procedural rule that is strictly enforced in both capital and non-capital cases.  However, subsequently the Third Circuit held that the PCRA time-bar was not an "adequate" state procedural bar where it was not firmly established and regularly filed at the time of default. Bronshtein v. Horn, 404 F.3d 700 (3d Cir. 2005).  For a full discussion of Bronshtein, see infra p. 14-16.

was returned to the active docket in 2004, upon the parties' joint request.[6]  Thereafter the Court requested briefing on outstanding issues of exhaustion and procedural default. Numerous continuances were sought by both Respondents and Petitioner.  Ultimately, the case became ripe for review in November 2007.

**III. RESPONDENTS' PROCEDURAL DEFAULT ARGUMENTS**

Respondents assert that Petitioner's habeas petition is procedurally barred for two reasons.  First, Respondents argue that the petition is time barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996.  28 U.S.C. § 2244(d)(1).  Second, Respondents argue that even if Petitioner's claims are not time barred, the Court's review of the merits of Petitioner's claims is blocked by the doctrine of procedural default because Petitioner failed to exhaust his claims at the state level.  For the reasons that follow, both arguments are unavailing.

---

[6] Petitioner requested that the case be returned to the active docket on April 16, 2002.  Following a telephone conference with the parties on May 3, 2002, the parties jointly requested that the matter be further continued.  The Court granted this request and ordered the parties to advise the Court once the matter was ready for disposition (doc. no. 40).

A.  **TIME BAR UNDER AEDPA**

Pursuant to the AEDPA, a person in custody as a result of a state court judgment must file his federal habeas petition within a one-year statute of limitation. 28 U.S.C. § 2241(d)(1). This limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at § 2241(d)(1)(A). However, the Third Circuit has interpreted a one-year grace period, starting from the date of the enactment of the AEDPA, by which prisoners with final judgments which ensued prior to the enactment of the AEDPA must file petitions for PCRA relief. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

While the procedural deadlines are strictly enforced in most circumstances, the Pennsylvania Supreme Court has not always strictly applied procedural deadlines to petitions filed in conjunction with capital cases. For nearly two decades, the Pennsylvania Supreme Court applied a "relaxed waiver rule" in capital cases. See Commonwealth v. McKenna, 383 A.2d 174 (Pa. 1978).[7] Employing the "relaxed waiver rule," the Third Circuit

---

[7] The McKenna court emphasized that it bore a "duty to transcend procedural rules" in capital cases because of the "overwhelming public interest" in preventing unconstitutional executions. 383 A.2d at 180-81. The Third Circuit noted in Szuchon v. Lehman, 273 F.3d 299, 326 (3d Cir. 2001), that the McKenna court "firmly established that a claim of constitutional error in a capital case would not be waived by a failure to preserve it."

held that PCRA statutory bars are not applied to capital cases, and instead all claims are afforded merits review even if they were technically barred by the PCRA's statutory language. Banks v. Horn, 126 F.3d 206 (3d Cir. 1997). However, on November 23, 1998, the Pennsylvania Supreme Court abandoned the "relaxed waiver rule" for capital cases and announced that it would "no longer [apply] in PCRA appeals." Commonwealth v. Albrecht, 720 A.2d 693 (Pa. 1998).[8] Taking Albrecht one step further, the Pennsylvania Supreme Court held in Commonwealth v. Peterkin, 722 A.2d 638 (Pa. 1998), that the PCRA time bar applies to capital cases and is not superceded by the relaxed waiver rule.[9]

In the instant case, Petitioner's judgment became final on April 18, 1984, upon the resolution of his direct appeal to the Pennsylvania Supreme Court. Because this date was prior to the 1996 enactment of the AEDPA, the aforementioned grace period applied, allowing Petitioner until April 23, 1997 to file his petition for habeas review. Petitioner filed the instant

---

[8] The Albrecht court noted that although it had been the Pennsylvania Supreme Court's practice to decline to apply ordinary waiver principles in capital cases, this practice had "in effect, virtually eliminated any semblance of finality in capital cases." 720 A.2d at 700. The court concluded, "the benefits of relaxed waiver at the PCRA appellate stage" were greatly outweighed by the need for finality and efficiency. Id.

[9] The following year, the Pennsylvania Supreme Court unequivocally held that the PCRA time limits are jurisdictional and thus not subject to judicial relaxation. Commonwealth v. Banks, 726 A.2d 374 (Pa. 1999).

petition beyond this date, on January 7, 2000.  Importantly, the AEDPA statute of limitations is subject to both statutory and equitable tolling.  Thus, the Court's inquiry is whether the AEDPA statute of limitations was properly tolled to allow the Court to construe Petitioner's January 7, 2000 federal habeas petition as timely.

In deciphering the applicability of statutory and equitable tolling, the Court must consider any pending state proceedings which may have inhibited Petitioner's ability to file his federal habeas petition by the AEDPA date.  As detailed in the procedural history above, Petitioner filed two PCRA petitions, both of which were denied by the Pennsylvania Supreme Court.  First, Petitioner filed Beasley-3, for which the Pennsylvania Supreme Court affirmed denial on June 18, 1996, and denied for re-argument on August 6, 1996.[10]  Second, Petitioner filed a subsequent PCRA petition, Beasley-4, for which the Pennsylvania Supreme Court affirmed denial on February 3, 2000.[11]

---

[10] Importantly, Beasley-3 was adjudicated during the Pennsylvania Supreme Court's application of the "relaxed waiver rule" for capital cases, and thus, the Pennsylvania Supreme Court found the petition to be "properly filed," even withstanding that it was filed beyond the PCRA deadline, and accordingly, reviewed the merits of the petition.

[11] Unlike the Pennsylvania Supreme Court's merits based review of Beasley-3, the court strictly applied the PCRA deadline, found Beasley-4 to be improperly filed and consequently, failed to review the merits of the petition.

At this juncture, the Court must determine whether either of these proceedings operated to statutorily or equitably toll the AEDPA statute of limitations.

Statutory tolling provides that "the time that a <u>properly filed</u> application for state post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). In the instant case, because the state proceedings in "properly filed" <u>Beasley-3</u> were not concluded until August 6, 1996, statutory tolling applies to toll the time period between June 18, 1996 and August 6, 1996. However, because <u>Beasley-4</u> was not "properly filed," statutory tolling does not apply to statutorily toll the date any further. Accordingly, as a result of statutory tolling as applied to <u>Beasley-3</u>, Petitioner had until August 7, 1997 to file his federal habeas petition.

Equitable tolling is available only when "the principle of equity would make the rigid application of a limitation period unfair." <u>Merrit v. Blaine</u>, 326 F.3d 157, 168 (3d Cir. 2003) (internal quotations omitted). The Third Circuit has enumerated

---

Notably, <u>Albrecht</u>, the Pennsylvania Supreme Court decision which abandoned the application of the "relaxed waiver rule" to capital cases, was decided <u>after</u> Petitioner filed his PCRA petition in <u>Beasley-4</u>.

-10-

the following circumstances where equitable tolling is appropriate: "(1) defendant actively misled the plaintiff; (2) plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) plaintiff has timely asserted his rights, mistakenly in the wrong forum." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  In this instant case, Petitioner argues the applicability of the second circumstance and asserts that his reliance on Fahy v. Jones, 240 F.3d 239, 245 (3d Cir. 2001), constitutes an extraordinary circumstance to warrant equitable tolling in Beasley-4.  In Fahy, the Third Circuit held that because Pennsylvania courts applied a relaxed version of the PCRA's statute of limitations to capital cases until abruptly changing this position in Albrecht, petitions filed prior to this date could be equitably tolled.  Fahy, 240 F.3d at 245.  As in Fahy, Petitioner filed his Beasley-4 PCRA petition prior to the Albrecht decision and could not have anticipated the Pennsylvania Supreme Court's strict compliance with the PCRA statute of limitations.  Accordingly, because the AEDPA's limitation period was statutory tolled by Beasley-3, and equitably tolled by Beasley-4, the instant habeas petition filed on January 7, 2000 is timely.

**B.      PROCEDURAL DEFAULT**

Pursuant to the AEDPA, a person in custody as a result of a state court judgment must "fairly present" his federal constitutional claims in state court, thus exhausting his state remedies, before filing his federal habeas petition.  28 U.S.C. § 2254(b).  The exhaustion requirement provides state courts an "initial opportunity to pass upon or correct alleged violations of its prisoner's federal rights."  Wilwording v. Swenson, 404 U.S. 249, 250 (1971).  Petitioner bears the burden to show fair presentation of all claims, satisfied by demonstrating that the claims brought in federal court are the "substantial equivalent" to those presented in state court.  Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982), cert. denied, 459 U.S. 1115 (1983).[12]  Failure to exhaust state remedies will prompt the federal court to dismiss the claim without prejudice, so as to allow the state courts the opportunity to first review the claim.  Toulson v. Beyer, 987 F.2d 984, 989 (3d Cir. 1993).

If, however, state procedural rules bar further state relief, the exhaustion requirement is satisfied because "there is

---

[12]   In order to "fairly present" his claim, a petitioner must present in state court the factual and legal substance of his federal claim, in a manner that puts the state court on notice that a federal claim is asserted.  McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982)).

an absence of available State corrective process." Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000).  But, even in this situation, a federal court may not automatically proceed to the merits; rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner "established 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse default."  Id.  The procedural default doctrine precludes a federal habeas court from "reviewing a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the claim."  Coleman v. Thompson, 501 U.S. 722, 729 (1991).

     Petitioner contends: (1) all record-based constitutional claims are exhausted under the doctrine of automatic exhaustion; and (2) even if claims are unexhausted, procedural default is inappropriate because the Pennsylvania Supreme Court decision to procedurally bar review of Beasley-4 under the PCRA statute of limitations is not supported by adequate, independent state law grounds.  Respondents refute the applicability of automatic exhaustion and argue that the Pennsylvania Supreme Court's decision to procedurally bar Petitioner's habeas petition as a result of the PCRA statute of

limitations was in fact supported by adequate, independent state law grounds.  In addition, Respondents make two additional procedural default arguments.  First, Respondents contend that Petitioner's claims raised in Beasley-2 and Beasley-3, but abandoned in Beasley-4 are barred as "previously litigated."  Second, Respondents argue that because Petitioner raised arguments in Beasley-2, but did not raise the same arguments in Beasley-3, Petitioner's claims are procedurally defaulted by Petitioner's attempt to deliberately bypass state review.  The Court considers each argument in turn and finds each unconvincing.

       1.   <u>Application of PCRA Statute of Limitations to Beasley-4</u>

The Court's inquiry is whether the Pennsylvania Supreme Court's decision to apply the PCRA statute of limitations to Petitioner's petition in Beasley-4 is supported by adequate state law grounds.  Importantly, state procedural rules are held to be inadequate if they are not "firmly established and regularly followed," <u>Ford v. Georgia</u>, 498 U.S. 411 (1991), or if they are novel and unforeseeable.  <u>NAACP v. Alabama ex rel. Patterson</u>, 357 U.S. 449 (1958).  The Third Circuit squarely addressed this issue in <u>Bronshtein v. Horn</u>, 404 F.3d 700 (3d Cir. 2005).

In <u>Bronshtein</u>, the Third Circuit analyzed a capital

defendant petitioner's noncompliance with the ADEPA's limitation period under the procedural default doctrine. Id. at 707. The petitioner filed his PCRA application on June 9, 1999, a date beyond the one year PCRA imposed statute of limitations. Id. at 705. The trial court and Pennsylvania Supreme Court, operating under the recent abandonment of the relaxed waiver rule to capital cases, found the petition untimely and refused to reach the merits of the claims. Id. Upon review, the Third Circuit held that because the petition was filed before the Pennsylvania Supreme Court's application of the relaxed waiver rule to capital cases, he did not have fair notice that the PCRA statute of limitations would be strictly applied to his capital case. Id. at 709. The Third Circuit highlighted that PCRA statute of limitations was not firmly established and irregularly followed by Pennsylvania courts until the Pennsylvania Supreme Court decision in Albrecht. 404 F. 3d 700, 709 (3d Cir. 2005).[13] Accordingly, the Third Circuit held that the Pennsylvania Supreme Court's dismissal of the petition was not supported by adequate state law grounds, and thus was not barred by procedural default. Id.

---

[13] For a full discussion of the Albrecht decision, 720 A.2d 693 (Pa. 1998), and the Pennsylvania Supreme Court's abandonment of the "relaxed waiver rule" as applied to the PCRA statute of limitations, see supra p. 7-8.

Under this precedent, the procedural default doctrine does not block the Court's review of Petitioner's habeas petition. As was the petition in Bronshtein, the petition in Beasley-4 was filed before the Albrecht decision, and thus, the Pennsylvania Supreme Court's determination that Petitioner's PCRA petition was time barred under the PCRA was not based upon independent, adequate state law grounds. Because the Court finds that the petition is not procedurally barred, the Court need not reach Petitioner's automatic exhaustion argument as applied to his record-based constitutional claims.

2.   "Previously Litigated" Procedural Bar

To be eligible for state post-conviction relief in Pennsylvania, a PCRA applicant must establish that the issues raised in his PCRA petition would not have been "previously litigated." Albrecht, 720 A.2d at 698. A claim is "previously litigated" under the PCRA when: "(1) it has been raised in the trial court, the trial court has ruled on the merits and the petitioner did not appeal; (2) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or (3) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence."  42 Pa. C. S. A. § 95544(a).  "[A] state court findings that [an] unexhausted claim is previously litigated

-16-

under PCRA constitutes state procedural default barring habeas review."  Sistrunk v. Vaughn, 96 F.3d 666, 674-75 (3d Cir. 1996).

However, a federal habeas court is "not bound to enforce a state procedural rule when the state has not done so, even if the procedural rule is theoretically applicable." Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004) (quoting Smith v. Freeman, 892 F.2d 331, 337 (3d Cir. 1989)).  In fact, procedural default only applies when "the last state court rendering a judgment in the case clearly and expressly states that its judgment rests of a state procedural bar."  Harris v. Reed, 489 U.S. 255, 264 (1989).

In the instant matter, none of the courts in Beasley-1 through Beasley-4 dismissed Petitioner's claims as "previously litigated."  More specifically, in the applicable proceeding, Beasley-4, the state court applied the PCRA time bar to dismiss the petition, but did not cite the "previously litigated" rule as the basis of dismissal.  Because Petitioner's claims were not dismissed on this ground, the claims are not procedurally defaulted on this ground.

### 3. Deliberate Bypass of State Review

Respondents contend that Petitioner's claims in Beasley-2, but not raised again in Beasley-3, are procedurally

-17-

defaulted by Petitioner's attempt to deliberately bypass state review.  A claim is procedurally defaulted where it is presented only in federal court, and not in state court, in an attempt to bypass state review.  Szuchon v. Lehman, 273 F.3d 299, 322-24 (3d Cir. 2001).  This doctrine applies where the "habeas applicant . . . understandingly and knowingly forwent the privilege of seeking vindication of his federal claims in the state courts."  Reynolds v. Ellingsworth, 23 F.3d 756, 763 (3d Cir. 1994) (citing Fay v. Noia, 372 U.S. 391, 439 (1963)).  In Szuchon, the petitioner raised a number of claims in his federal habeas petition, which were held in abeyance until he could exhaust his state court remedies, which he never actually raised in state court.  273 F.3d at 321.  The Third Circuit held that comity between the federal and state judicial systems precluded Petitioner from raising his claims in federal court due to his failure to present them in state court.  Id. at 322.

Szuchon is distinguishable from the instant case.  In Szuchon, the petitioner failed to raise his claims in any state proceeding.  To the contrary, here, Petitioner raised his claims to the state court in Beasley-4, but because the state court held the petition as time barred, it failed to reach the merits of the claims.  Although the claims in Beasley-4 were held time barred under the PCRA, the claims are not procedurally defaulted for

-18-

federal habeas review.  See Bronshtein, 404 F.3d at 709.  Unlike in Szuchon, the Petitioner in the instant case did not intentionally bypass the state court, but rather unsuccessfully raised his claims in the state court.  Accordingly, the comity considerations articulated in Szuchon are irrelevant and Petitioner's claims are not procedurally barred on this ground.

### III.     CONCLUSION

For the foregoing reasons, Respondents' procedural default arguments are rejected and the Court finds the merits of the petition ripe for review.  A status and scheduling conference will be scheduled to establish the further procedure of the case. An appropriate order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LESLIE CHARLES BEASLEY, | : | CIVIL ACTION |
|     Petitioner, | : | NO. 00-00111 |
| | : | |
| v. | : | |
| | : | |
| COMM'R MARTIN HORN, et al., | : | |
| | : | |
|     Respondents. | : | |

## **O R D E R**

**AND NOW**, this **17th** day of **February 2009**, it is hereby **ORDERED** that a telephone status and scheduling conference is **SCHEDULED** for **Tuesday, March 24, 2009 at 10:30 a.m.** Petitioner's counsel shall initiate the call to Chambers at 215-597-4073 when all parties are on the line.

    **AND IT IS SO ORDERED.**

                                            S/Eduardo C. Robreno
                                               **EDUARDO C. ROBRENO, J.**